IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW S. PALMER                                                          PLAINTIFF

v.                          Civil No. 6:14-cv-06083

LISBETH ANNE MURPHY;
CORIZON MEDICAL SERVICES, INC.;
and CORRECT CARE SOLUTIONS

                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Andrew S. Palmer pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Richard T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court Order and Defendants' Motion to Dismiss for Failure to Prosecute. ECF No. 22. After careful consideration, the Court makes the following Report and Recommendation.

**1.     BACKGROUND**

Plaintiff filed his Complaint on June 20, 2014, while incarcerated at the Arkansas Department for Corrections ("ADC") Ouachita River Unit ("ORU"). ECF No. 2. The Complaint was originally filed in the Eastern District of Arkansas, but was properly referred to this District. ECF

No. 4. On July 24, 2014, the Court changed Plaintiff's address to ADC EARU in response to a letter from Plaintiff. ECF No. 7. On January 5, 2015 and March 16, 2015, mail sent to Plaintiff was returned to the Court marked Undeliverable, Paroled. On January 22, 2015, Defendants filed a Motion to Dismiss for Failure to Prosecute. ECF No. 22. On April 7, 2015, the Court changed Plaintiff's address to a free world address determined after research by the Court. ECF No. 26. Mail sent to this address was not returned to the Court. On April 22, 2015, the Court issued an Order to Show Cause, requiring the Plaintiff's Response by May 8, 2015 to avoid dismissal of his case. ECF No. 29.

Plaintiff has not communicated with the Court since December 1, 2014.

**2.     APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3.  **DISCUSSION**

Plaintiff failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff failed to comply with the Court's April 22, 2015 Order which advised him that it was his responsibility to immediately inform the Court of any address changes and failure to do so would result in a recommendation to dismiss this case. ECF No. 29. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders, failure to Comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

4.  **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED**

without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules, has failed to comply with the Court's Order, and has failed to prosecute this matter.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 15th day of May 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE